The opinion of the Court was delivered by
Duncan J.
The action was slander, set out in twelve *451 counts, verdict for the plaintiff on all the counts, and judgrnent arrested. ■ '
•The counts objected to are those, in which it is,stated,
1. That the plaintiff got to bed with Sarah M'-Gargle.
, 2. He is such a whoring fellow, that it is with difficulty he can keep a girl about the house, being continually a riding them. ■ ‘
■ 3, That he had committed fornication, meaning thereby, to charge him with being guilty of the crime of fornication, and it appearing in the declaration that he Was a married man, the charge could not possibly be true.
Ancient precedents in actions for words, are of less au* thority than in any other case;- There is a principle of common sense that now governs in their construction; it is, that words shall not be taken in the mildest sense, nor shall 'they be strained by any forced construction, beyond their natural meaning and common acceptation. Courts and juries will understand them in the same way other people would. We are not to examine dictionaries, nor turn to our law books to find out their legal technical meaning. The question is, what do these words import ? There is no offence, the imputation of which can be conveyed in so many multiplied forms and figures, as that of incontinence. The charge is seldom made even by the most vulgar and obscene in broad and coarse language. Can any reasonable man doubt of the signification of these words, in any 6f these counts ? Can it be seriously doubted, but that the defendant intended to defame the1 plaintiff, and charge him with unlawful sextual intercourse ? Is this their meaning, or is it a foreign construction ? If these words are not actionable, there is no security afforded by the law to reputation. , The first stated, that Walton got ,to bed with Sarah M‘Gargle. Now it is said,-that;he might have got to bed innocently with her, or he might have got to bed to her and left it re infecta. In one of the old cases, it was mooted, whether to say of a woman I. S. had the use of her body, was actionable, for he might have used it as a surgeon or physician; But this non,sense of'the old cases is now done away, and the, modem rule is .such as I have stated it.
It is admitted, that if the words were, he was in bed with her, they would be actionable. The hearers would not be *452 governed in the construction of them by such hair strokes, and it has puzzled me nota little,to find the difference,even on the nicest critical examination. ' To go to.bed with, is to be in bed with. Indeed if there is a difference, the foimer contain a more direct charge than the latter; they are more frequently used to signify this. intercourse.. In all times, in every age, and by all: writers-sacred and profane, in the language of scripture, and in the language, of the law, these words, exceptas between man'and wife, significantly impute illicit intercourse,' and with them it imports the rite of hallowed love. In the law it has the same meaning as a divorce from bed and board. .There the divorce is not the suspension of the husband’s right to go to the bed-side of his wife, but of the highest con'nubial right. He might visit her when sick in bed; but if he got to bed with her, this would ipso facto amount to -a dissolution of the divorce, and the most perfect reconciliation.-! In case's of crim. - con., if the chambermaid, swore that she saw the gentleman go to bed to her mistress, though she did not swear that he was in bed with her, a jury would not doubt of the crim. con. . This set of, words is clearly actionable-:—no other .construction can be -put on them than the jury have done.
The second set are objected to, because they are only adjective, imputing a disposition to whore, but not whoring; intention and abortive attempts, but not an act done; a whorish intention; and if this be so, there is much in the objection, and the Court were right in reversing the judgment. It is somewhere said, it is not worth while to be very learned-in this kind of cases, yet, we must be governed by the law, which certainly is, that mere intention, as mere lust, is not actionable. But to say of one he'is a whoring fellow, is a charge of whoredom. The distinction is, between words merely adjective, as thievish, and participles as thieving;' the latter are actjonable, because they import an act done ; the former are not, because they import only an intention. .Murdering rogue, actionable, murderous quean not so. Thievish’knave, not. actionable, because they import only a corrupt inclination to theft. 4 Co. 19 ; but to call a man a thieving rogue is, because they import that a man has committed an act of theft..’Sid..373.' But there is in 4 Bac; 501, a modern case, Gardiner v. Atwater, 29 G. II, *453 where this doctrine of adjective slander is put on its true ground. These words, thou arta pitiful sheep-stealing fellow, were on a motion in arrest of judgment, held actionable, because a charge of felony is thereby imputed; and per curiam the same nicety is not as heretofore observed, in construing words; for the rule now adhered to -by all the Courts, is to understand them in their usual and obvious sense. The subsequent words do not efface the stain, but impress it more deeply on the character. He is, a whoritig fellow, and it is with difficulty he can keep a girl about the house, he is continually1 a riding them. This is making him out a whoring fellow indeed; he is so very bac, that in his own house, under the roof with his wife, he is continually riding the girls. Where words are a plain and drect slander, the subsequent words that should take off the “orce of the former, ought to carry a strong intention that the? were not spoken in an actionable sense; for it is very unreasonable, that one should slander another by general wo.ids, and then mitigate thejn by words of a doubtful interpretation.' Alleyn, 7. These words in the whole frame, are actionable.
The objection to the third set is, that being a married man, he could not commit fornication, which is but saying, the speaker mistook the legal name of the Offence. It might be a good objection, if Walton were trying on an indictment for fornication. Our inquiry is of a different nature; did the words impute a crime 1 Fornication in its general use, signifies all kind of whoredom. Adultery is fornication of an aggravated nature. In many cases the action will lie, notwithstanding there is a repugnancy in the words themselves or made so by the matter apparent on the- record; as if one say of a widow having children born in wedlock, she is a whore, and her children are bastards. Now though the. children bora in wedlock, cannot be properly bastards, yet they may be reported such. Cro. Car. 322. Thou wast foresworn in carpenter’s hall, and robbed the hall, actionable, though properly speaking the hall could not be robbed. Cro. El. 788. So words spoken by a feme covert, you• stole my faggots, (meaning the faggots of the defendant,) adjudged actionable, although it was objected that the defendant, a feme covert, could not have any faggots. Palm. 38. It would be a most shocking doctrine, and afford a cover for slander, if the slan *454 derer could escape by such a subterfuge; as if one should say, [je committed flat burglary, I saw him go to bed to the wife of A. B. The cases of charging one with the murder of a man'living, not being actionable, because impossible, were not much respected by Lord Holt, who in such case observed, the fault is the greater^ it is a double'crime. Comb. 247.
The tule is now well established', that no inconsistency or want of grammatical propiiety will prevent ■ the words from being actionáble, when the intention to charge the party with a crime clearly appears, and ivhen a criminal charge is conveyed by the defendant’s expression. The liability to make reparation,r cannot be affected by any impropriety in the communication, whether, legal or grammatical* when the loss of character, .and its probable cóniéquences, constitute the ground of action, though the act (harged is in legal strictness impossible.' See Stark. 7.8 to SO.
It is, therefore, the opinion of the Court, that the declaration coritainsno faulty couni and that judgment should have been entered for the plaintiff, The judgment of the Distriot Court, is therefore reversed, and judgment for the plaintiff,
Judgment reversed, and judgment for the plaintiff.