# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Beirer *against* Bushfield.

In an action of slander the declaration set out, that the defendant had charged the plaintiff with having had criminal connection with a woman, and the innuendo explained the words to mean, that the defendant had thereby charged the plaintiff with the crime of adultery ; a judgment for the plaintiff on this declaration was held to be good, although it was not alleged that the plaintiff was a married man.

A judgment in slander will not be reversed because the words are laid to have been spoken the day on which the writ issued, which was two days after the date of the præcipe.

ERROR to *Westmoreland* county.

This was an action of slander, in which *Samuel Bushfield* was plaintiff, and *David Beirer* was defendant. The words laid in the declaration to have been spoken were, "he was guilty with a woman, for he went into bed with *Mrs Kislar*, and stroked her, and he could prove it :" " thereby meaning that he, the said *Samuel*, had committed the crime of adultery with the wife of the said *John Kislar*." It was no where stated that the plaintiff was a married man. The præcipe, by which the action originated, was dated the 2d July; the writ issued on the 4th July ; and the words were laid to have been spoken on the 4th July. The cause was referred to arbitrators, who made an award for the plaintiff, upon which judgment was entered ; and to reverse which this writ of error was sued out, and the errors assigned were,

[Beirer v. Bushfield.]

1. That the words were not actionable.

2. That they are charged to have been spoken since the commencement of the action.

*J. B. Alexander*, for the plaintiff in error.
*Kuhns*, for the defendant in error.

The opinion of the court was delivered by

GIBSON, C. J.—The objection is, that the innuendo has carried the meaning of the words beyond their natural import, by converting them into a charge of adultery by a man who is not alleged to have been married.    The office of an innuendo is undoubtedly to fix the meaning of the speaker, by a reference to something gone before, where the abstract sense of the words would otherwise fall short of an imputation of legal criminality; and it is a rule, that where it enlarges the meaning without such a reference to an imputation which might subject the accused to an indictment or civil disability, it is fatal to the count even after verdict.    If simple fornication, then, were not an indictable as well as a scandalous crime, I would say, this indictment contains no cause of action.    But if the charge of that crime or adultery will indifferently support an action for words, why should the plaintiff be bound to discriminate very nicely between the charge of the one or the charge of the other ?    If it be doubtful which was meant, it surely cannot be material to the cause of action, that the defendant used ambiguous terms, when in either aspect the charge of an indictable offence was intended to be conveyed.    Granting that the better course in doubtful cases is, to lay the charge in both ways, in order to leave to the jury to determine which was meant, yet it cannot be said, that in setting out his cause of action defectively in this respect, he has set out words which are not actionable in either sense ; and less than that is insufficient to vitiate the count after an award which stands in the place of a verdict.    But as no explanatory matter is laid as inducement, with which the innuendo can be coupled, why may it not be rejected as surplusage, the words being actionable without it ?    I admit it may not be done where the innuendo serves to make words actionable, which would otherwise not be so ; for that would extract the sting from the charge as laid, and deprive the declaration of its substance.    May it not be done, however, where explanation is superfluous, the words imputing a technical offence by force of their intrinsic meaning ?    I know of no case which forbids it.    The objection, however, that the imputation of adultery, being laid as the ostensible cause of action, must be taken to have been the injury compensated by the jury, is not without a considerable share of technical force ; for it would undoubtedly be of little importance that there was in fact a cause of action well charged, if it were not the one for which the plaintiff recovered.    But it is notorious, that juries are governed by the case proved, instead of the case laid ; and such a declaration as this, is

[Beirer v. Bushfield.]

not one to require a departure from the broad line of demarcation already established, by tripping up a plaintiff who has recovered for a substantive cause of action of some sort, however inartificially laid. Beside, it is not too much to presume, if we are to have recourse to presumptions, that the jury gave damages for the cause of action laid, in that aspect in which alone it was maintainable; and the only thing laid here in contemplation of law, was an imputation of fornication. The question then is, whether these words are actionable when stripped of the meaning assigned to them by the innuendo; and after the decision in *Andrews* v. *Koppenheaffer*, 3 *Serg. & Rawle* 255, and *Walton* v. *Singleton,* 7 *Serg. & Rawle.* 451, that the sense in which words are received by the world, is that which courts of justice are to ascribe to them, that question cannot admit of a doubt, for the words in this declaration convey to the popular apprehension a charge of fornication in terms less coarse though not less explicit than the most pointed that could be selected. The remaining objection, that the words are laid to have been spoken subsequently to the commencement of the action, is not sustained. The filing of the præcipe might be a good suing out of the writ to avoid the statute of limitations, but nothing short of its actual exit ought to defeat a meritorious action by an objection so sharp and technical.

Judgment affirmed.