Daniel, Judge.
 

 — An act of assembly passed in the year 1821, (Taylor’s
 
 Rev. ch.
 
 1120,) declares, that if any person shall harbour or maintain any runaway slave, such person shall be subject to indictment for such offence, and being convicted, shall be fined not exceeding one hundred dollars, and be imprisoned not exceeding six months. The declaration states, that the defendant said of the plaintiff, that “ he harboured a runaway negro belonging to Jonathan Reddick, and he could prove it; and he should be prosecuted for it.” The question is, whether the words spoken are slanderous, and in themselyes actionable?
 
 *473
 
 Prom the contradictory decisions in England, it is not easy to say what is now the rule to determine what words are actionable of themselves, and what not. In
 
 Ogden
 
 v.
 
 Turner,
 
 Salk. 696, Lord Holt said, to render words actionable, it is not sufficient that the party may be fined and imprisoned for the offence,- if true; for, says he, there must not only be imprisonment, but an
 
 infamous punishment.
 
 This decision, which seemed to establish a fixed rule, was- shaken, and materially contradicted, by what fell from-De Grey, Chief Justice, in giving judgment in the case of
 
 Onslow
 
 v.
 
 Horne,
 
 3 Wils. 177. Mr. Starkie, in his Treatise on Slander, p. 41, says, from all the British authorities, perhaps, it may be inferred generally, that, to impute any crime or-misdemeanor for which corporal punishment may be inflicted in a temporal Court, is actionable, without proof of special damage. Any objection to the extent of the above rule, he says, is in a great measure obviated by the statute, which enacts, that when the damage does not amount to- forty shillings, the costs shall be limited to-the amount of the damages; In Chitty’s General Prac. 44, the same rule appears to be laid down; He, in classing slanderous words, says, “ nor can any action be supported, unless the words either, first, impute the guilt of some temporal offence, for which the party slandered, if guilty, might be indicted and punished in the temporal Courts, and which words are technically said to endanger a man- in- law — he then proceeds to give the other classes of slander, which are not applicable to this case. The rule, as to the extent of words actionable in themselves, has never been carried'in **this country as far as the above respectable commonplace authors state it to be in England. In several of the states, it seems to- be, that where the charge, if true, will subject the party to an indictment
 
 involving moral turpitude, or subject him to-an infamous punishment,
 
 then the words are actionable
 
 m
 
 themselves, otherwise not.
 
 Brooker
 
 v,
 
 Coffin, 5
 
 John, Rep. 188.
 
 Widrig
 
 v.
 
 Oyer,
 
 13 John. Rep. 124; 2 Bibb, Rep. 473.
 
 Shaffer
 
 v. Kintzer, 1 Binn. 542.
 
 Ross
 
 v.
 
 M‘Clurg,
 
 Ib. 218;
 
 Chapman
 
 v.
 
 Gillett,
 
 2 Conn. Rep. 51. In
 
 Andreas
 
 v.
 
 Hoppenheaffer,
 
 3 Serg. & Rawle, 255,
 
 *474
 
 the Judges concurred in opinion, that it must
 
 be
 
 either a
 
 felony,
 
 or a misdemeanor affecting reputation,- and, there-f°re>to c'iaroe a man with having committed an assault and battery, a nuisance, or the offence of forcible entry and detainer i though the party would be subject to indictment and imprisonment, would not be actionable. See also 19 John. Rep. 367. In
 
 Shipp
 
 v.
 
 M‘Craw,
 
 3 Murph. 466, it was held, that the
 
 gravamen
 
 in an action of slander is the social degradation arising.from the imputation of an infamous offence, and the infamy of the offence is tested by that of the punishment which follows on conviction— the loss of the
 
 libera
 
 lex: no other degradation' will give an action, for-no other, degradation is asocial loss'. In
 
 Brady
 
 v.
 
 Wilson,
 
 4 Hawks, 94, the Court said, “ inasmuch as the words did not impute to the plaintiff any felony or other crime, the temporal penalty of which would be legally infamous, the action could not,be supported.”’ In' the other states, when the Courts say, the words are actionable if they subject the party to indictment and infamous punishment, provided they be true,,we clearly understand what is the extent of the rule; but when-they go on further to say, “or subject the party to- an indictment involving
 
 moral turpitude,”
 
 we are left.indoubt what charges are embraced within the sentence — it lacks' precision ; we are compelled to search moral and ethical authors, rather than legal'writers, in order to ascertain whether the case made be within the rule." It seems:to us, that the rule laid down by Lord Holt, that the words if true, must not only subject the party to imprisonment,
 
 but an infamous pknishment,
 
 is the settled rule.of law in this state. The rule being thus precisely defined, gentlemen of the .profession can never be at a loss hoW to advise their clients, nor can a Judge be at a loss-how to charge the jury. In this case, the charge made by the defendant, imported an offence punishable with fine and imprisonment; but the judgment would -not render the person guilty of such an offence, infamous. He still would retain his
 
 liberam legem,
 
 and belong to the
 
 boni et legales homines
 
 of society, which appears to be the
 
 testé
 
 by which to
 
 *475
 
 ascertain whether words of this class be actionable or not. The judgment must be affirmed.
 

 Peis Curiam.- Judgment affirmed.