This was an action for words spoken charging the plaintiff with taking — innuendo, stealing — some bank notes from the defendant at a place in the State of South Carolina. Plea, not guilty. On the trial the speaking of the words both in South Carolina and this State was proved, and the counsel for the plaintiff contended that they were actionable of themselves in the courts of this State. But the court held that the action could not be sustained unless the plaintiff proved that by the law of South Carolina stealing bank notes was a crime which subjected an offender to infamous punishment. Under that instruction the jury found for the defendant, and from the judgment the plaintiff appealed.
The Court is of opinion that the judgment should be affirmed. Every imputation derogatory to the character of another *Page 132 
is not actionable. A rule as loose as that could not be tolerated. It would be the fruitful source of frivolous litigation, and supply a notable example of the uncertainty of the law, or, rather, of the results of lawsuits. It is indispensable that a rule having more precision should be laid down, by which the rights and liabilities of persons may be learned with some reasonable certainty. And it is highly proper that a rule, once adopted, should be observed, that as much uniformity as possible may be attained in the administration of the law. We think the principle has been expressed by the Court with sufficient precision to be easily understood, and that, as expressed, it is conformable (179) alike to authority and reason. Following Lord Holt in Ogden v. Turner, Salk., 696; the Court said in Brady v. Wilson,11 N.C. 93, "that although the acts charged upon a person might be such as flow from a wicked and depraved heart, and involve great guilt in foroconscientiae, yet if the words did not impute to him a felony or other crime the temporal punishment of which is legally infamous, the action of slander could not be supported at common law." In Skinner v. White,18 N.C. 471, the cases in England and this country are reviewed, and the rule, "that the words, if true, must subject the party to an infamous punishment," is declared to be the settled law of this State: the punishment to be such as involves social degradation by occasioning the loss of the libera lex. That rule is fatal to the plaintiff's case. Unless the stealing of bank notes be a crime in South Carolina, and an infamous crime, the words imputed to the plaintiff no act required by the rule; and upon that point the law of that State is the subject of proof to us here. It was, indeed, said at the bar that it was an act of such turpitude, so pernicious to individuals and to the committing of which, if not punishable, there is such strong temptation, that the Court should presume that, like murder, it is punishable in every civilized nation of this age, and especially in each of the States of the Union, in which so much of that which circulates for money is bank paper, as imperatively to call for this kind of protection. But we cannot venture on such presumption. In Shipp v.McCraw, 7 N.C. 466, the law of Virginia was given in evidence. It is not a case for presumption, or if it be, it is for a contrary presumption; for we know that by the common law of England stealing bank notes was not indictable. In this State it was first made an offense in 1811 — the same year that stealing growing corn and some other crops was created a felony. If taking bank notes be a larceny in South Carolina, it must be by statute, and of that the courts here can take no notice without proof.
PER CURIAM. No error.
Cited: Stokes v. Arey, 53 N.C. 68; Sparrow v. Maynard, ib., 196;Harris v. Terry, 98 N.C. 134. *Page 133 
(180)