# CASES

IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

## Herst *versus* Borbidge.

1. A declaration in slander alleged that " at and before" the speaking of the words, the defendant charged the plaintiff with the larceny of certain hats, " and then uttered the words, ' You are a rogue,' meaning that the plaintiff had been guilty of the larceny of the hats." After verdict, *held* that the words were actionable.

2. Without a subject in the colloquium to which the meaning of the words laid can attach, the innuendo alone cannot enlarge their ordinary signification, but with a subject, it can point out the meaning of the slanderer, and if capable of a double signification, or if more than one subject, can specify the one intended.

January 6th 1868. Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Certificate from Nisi Prius.

This action was brought in the Supreme Court, No. 190, to January Term 1866, by Charles W. Borbidge against Philip Herst, for slander, and was tried before Strong, J., at Nisi Prius.

The declaration contained four counts. The first count recited that before the speaking of the words, " the plaintiff was in the employ of defendant, and worked and made hats for defendant; and whereas, the defendant at and before the speaking of the said false and scandalous words, charged and accused the plaintiff with the larceny of certain hats, and with returning a larger number of hats than he had received to work, so as to charge the defendant a greater price ;" and then charged that the defendant uttered the following words, to wit :—

(62)

[Herst v. Borbidge.]

" *You*, the said Charles W. Borbidge, the plaintiff, meaning, *are a rogue, and I say it in the presence of these men;*" thereby meaning and intending the said plaintiff was and had been guilty of the larceny of certain hats of said defendant.'

The jury found for the plaintiff on the first count, and assessed the damages at $275, and for the defendant on the other counts.

The defendant moved in arrest of judgment on the ground that the words laid in the count were not actionable. The judge at Nisi Prius overruled the motion, and directed judgment to be entered on the verdict; the defendant removed the case to the court in banc.

The error assigned was the entering judgment on the verdict, because the words laid were not actionable.

*C. Guillou*, for plaintiff in error, referred to Dottarer *v.* Bushey, 4 Harris 204; Andres *v.* Koppenheafer, 3 S. & R. 255; Shaffer *v.* Kintzer, 1 Binn. 537; Harvey *v.* Boies, 1 Penna. Rep. 13; Weierbach *v.* Trone, 2 W. & S. 409; McClurg *v.* Ross, 5 Binn. 218; Gosling *v.* Morgan, 8 Casey 273; Maher *v.* Ashmead, 6 Id. 344.

There was no paper-book for defendant in error.

The opinion of the court was delivered, January 20th 1868, by Agnew, J.—The declaration avers that at and before the speaking of the words laid, the defendant accused the plaintiff with the larceny of certain hats. It seems to be natural to ask why the pleader did not declare upon the express charge of larceny? But it is the right of the plaintiff to select his own ground, and for this he may have a good reason. Bruce *v.* Cooper, 2 Watts 109, decides that the substance of the words spoken must be proved; not merely that the offence intended to be charged was substantially indicated by the language used. The witnesses might remember that the defendant in substance charged the plaintiff with larceny, and yet not be able to repeat the words themselves even in substance, and yet they might remember the words " you are a rogue, and I say it in presence of these men," that they related to the charge of larceny, and that the defendant intended so to apply them. It is our business, therefore, not to reject the words laid because others more plain have been used, but to see whether they were used in a relation that imputed an indictable and disgraceful crime, and are so sufficiently charged in the declaration.

It is truly said that juries look at the proofs rather than the pleadings: Beirer *v.* Bushfield, 1 Watts 24. After a trial before a learned judge having power to order a nonsuit, or to instruct a jury upon the insufficiency of the proof, we must presume that

the jury found the larceny which gave character to the charge, and the malice which envenomed the imputation.

All that is left now is to see whether the declaration substantially avers a larceny as the subject of a colloquium, and imputes this meaning to the words laid. Though not drawn with precision, and specially demurrable for insufficiency of form, this defect is aided after verdict; for, as remarked by Justice Duncan, it is not to be presumed that the judge would direct, or that the jury would give the verdict without sufficient evidence: Weigley's Adm'r. *v.* Weir, 7 S. & R. 310. This and the following cases show the effect of the verdict and the defects it cures: Schlosser *v.* Brown, 17 S. & R. 250; Crouse *v.* Miller, 10 Id. 155; Beirer *v.* Bushfield, 1 Watts 23; Shultz *v.* Chambers, 8 Id. 300; Andres *v.* Koppenheafer, 3 S. & R. 259, 260. In this case there is a colloquium which substantially alleges a larceny of certain hats by the plaintiff as charged by the defendant in the same conversation in which the words laid were spoken. The declaration merely lays it as at and before the speaking. We must now presume the evidence proved and the jury found it to have been at the time of and immediately before the speaking of the words "you are a rogue, &c." And where the innuendo gives point to these words by saying, "thereby meaning and intending the said plaintiff was and had been guilty of the larceny of certain hats of said defendant," we must now understand that the reference was to the said larceny of the said certain hats stated in colloquium. The rule is, that when words do not in themselves convey the meaning imputed to them, or where they refer to some extrinsic matter to make them actionable, it must not only be predicated that the matter exists, but that the words were spoken of and concerning this matter; and this is a fact to be found by the jury: Maxwell and Wife *v.* Allison, 11 S. & R. 343; Gosling *v.* Morgan, 8 Casey 273. The office of the colloquium is to state the facts to which the words refer, or by relation to which they express the meaning of the defendant; the innuendo then gives point to the charge by stating the meaning he intended to convey. Without a subject predicated in the colloquium to which the meaning can attach, the innuendo alone cannot enlarge the ordinary signification of the words, but with one it can point out that which the slanderer meant should be understood, and if capable of a double signification, or where more than one subject was referred to, it can specify that one which he intends: Gosling *v.* Morgan, 8 Casey 275; Shultz *v.* Chambers, 8 Watts 300; Beirer *v.* Bushfield, 1 Watts 24; Thompson *v.* Lusk, 2 Watts 17, 20. In this case the colloquium states both a larceny and a fraud alleged, but the innuendo refers the meaning of the words laid to the larceny, and this is precisely one of the offices of the innuendo according to the cases just stated. The verdict now establishes this to have been the

[Herst v. Borbidge.]

meaning intended, and the words are therefore actionable. In addition to what has just been stated upon authority, it must also be remarked that the courts both of England and America have greatly relaxed the strictness which so long held the substance in bondage to technicality and buried justice in forms.

Judgment affirmed.