Jose A. SANTIESTEBAN, Appellant,

v.

The GOODYEAR TIRE & RUBBER COM-
PANY, Appellee.

No. 19273.

United States Court of Appeals
Fifth Circuit.

July 24, 1962.

James L. Guilmartin, Louis Schneiderman, Miami, Fla., for appellant.

John Carruthers, II, Papy, Talburt, Carruthers & Paxton, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant sued Goodyear claiming an invasion of his right of privacy premised on the following allegations of fact. He was employed as a waiter by the Coral Gables Country Club and was there performing his duties. He had previously purchased four tires and two tubes from Goodyear on the installment plan and was current in his payments. Notwithstanding this, Goodyear through its authorized agents removed all tires and tubes from his automobile without complaint or notice to him while it was located in the country club parking lot, leaving it standing on the rims in full view of fellow employees and country club members.

He suffered embarrassment, humiliation and wounded feelings from this action of Goodyear in that he became the butt of jokes and gibes from his fellow employees, in being asked by his employer to move his car because it was a source of embarrassment to the club, and vicariously from the humiliation and mortifi-

cation of his wife and son. His wounded feelings entailed two sleepless nights and medication. In addition to setting out special damages to his car and from the loss of use of it in an amount of less that two hundred dollars, he alleges that the action of Goodyear was malicious, and claims both compensatory and punitive damages "for a sum, exclusive of interest and costs, in excess of $10,000.00, * * *."

Goodyear moved to strike certain portions of the complaint including all demands for damages based on suffering by appellant because of the humiliation and embarrassment of his wife and son. This portion of the motion was granted after the grant of the motion to dismiss for want of the jurisdictional amount, hereinafter discussed, but *nunc pro tunc* to the same date, apparently for the purpose of being included in this appeal.

The motion to dismiss on the ground that the complaint affirmatively showed that the damages could not possibly amount to $10,000.00 was granted and the case dismissed after counsel for appellant declined to plead over. This appeal followed and the record was corrected to include the motion to strike and order thereon under Rule 75(h), Fed. R.Civ.Procedure, 28 U.S.C.A.

In the view we take of the case it will be necessary to first decide whether the complaint states a claim upon which relief may be granted in order to determine the jurisdictional amount question. The burden of Goodyear's argument is that the complaint states a cause of action for conversion only, involving less than two hundred dollars, and that punitive damages must bear a reasonable relation to actual damages and for that reason damages could not stand in such an amount as would make a recovery of more than the jurisdictional amount possible. But this position misses the mark if a cause of action for invasion of the right of privacy is stated under the Florida law.

The Supreme Court of that state has recognized the right of privacy as a

distinct tort, Cason v. Baskin, 1944, 155 Fla. 198, 20 So.2d 243, 168 A.L.R. 430, and this holding was reiterated in Cason v. Baskin, 1947, 159 Fla. 31, 30 So.2d 635. A complaint charging that city police officers negligently broke into and searched the premises of plaintiff with negligent disregard for her right of privacy, causing her great mental and physical pain and suffering, alleged an unintentional act of negligence that was sufficient to state a cause of action for invasion of the right of privacy for compensatory but not punitive damages. Thompson v. City of Jacksonville, Fla., Dist.Ct. of App., 1st Dist., 1961, 130 So.2d 105.

We have found no Florida decision dealing with the undue harassment of a debtor aspect, as is the case here, of the right of privacy. However, these Florida authorities demonstrate that the right of privacy is recognized in Florida as it is in an overwhelming number of jurisdictions in this country. See Prosser "Privacy", 48 Cal.L.Rev. 383 (1960). See also Warren and Brandeis, "The Right to Privacy", 4 Harv.L.Rev. 193 (1890) and 41 Am.Jur., Privacy §§ 4 and 5. And it has been generally held, where the right is recognized, that oppressive treatment of a debtor by a creditor in attempting to collect even a just debt may be an invasion of privacy. Biederman's of Springfield, Inc. v. Wright, Mo.1959, 322 S.W.2d 892; Bowden v. Spiegel, Inc., 1950, 96 Cal.App.2d 793, 216 P.2d 571; Bennett v. Norban, 1959, 396 Pa. 94, 151 A.2d 476, 71 A.L.R. 2d 803; Housh v. Peth, 1956, 165 Ohio St. 35, 133 N.E.2d 340; Norris v. Moskin Stores, Inc., 1961, 272 Ala. 174, 132 So.2d 321; Brents v. Morgan, 1927, 221 Ky. 765, 299 S.W. 967, 55 A.L.R. 964; 77 C.J.S. Right of Privacy § 2; 41 Am.Jur., Privacy, § 30; 4 Restat., Torts, § 867; see also annotations in 55 A.L.R. 971, 91 A.L.R. 1495, 106 A.L.R. 1453, 138 A.L.R. 91, 168 A.L.R. 462; 14 A.L.R.2d 770, and 15 A.L.R.2d 158. Cf. Cunningham v. Securities Investment Co. of St. Louis, 5 Cir., 1960, 278 F.2d 600 where harassment of a debtor was recognized

to be a part of the right of privacy in Louisiana, but under the facts the grant of summary judgment for defendant was affirmed.

An important subsidiary point to be considered is whether, assuming a cause of action under the Florida law on these facts, the tort was sufficiently communicated. It is pointed out in Prosser on Torts (2nd ed.), § 97 that except in cases of physical intrusion the tort must be accompanied by publicity in the sense of communication to the public in general or to a large number of persons as distinguished from one individual or a few. We hold this to be the rule in Florida notwithstanding the obiter dictum statement in Cason v. Baskin, supra, which case involved a publication in a book, that the right of privacy is not violated by oral communication. This is particularly so in this case where the action of Goodyear was in the nature of a demonstrative publication as distinguished from an oral communication. In any event, the weight of the authorities make it clear that oral communication where accompanied by sufficient publicity is ample in debtor harassment cases. Biederman's of Springfield, Inc. v. Wright, supra; Bowden v. Spiegel, Inc., supra; Bennett v. Norban, supra; Housh v. Peth, supra; Norris v. Moskin Stores, Inc., supra; and Carr v. Watkins, 1962, 227 Md. 578, 177 A.2d 841.

Our duty is to decide what the Florida law is on this subject notwithstanding the absence of statutory or decisional guide, Meredith v. City of Winter Haven, 1943, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9, and we conclude that the Florida courts would hold this complaint to state a cause of action in tort for invasion of the right of privacy of appellant and turn to the question of jurisdictional amount.

In Goodyear Tire & Rubber Co. v. Vandergriff, 1936, 52 Ga.App. 662, 184 S.E. 452 the court referring to measure of damages in a right of privacy case said:

"In some torts the entire injury is to the peace, happiness, or feelings

of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed."

■ In addition punitive damages are claimed and they are allowable in Florida in right of privacy actions. Cason v. Baskin, supra, makes it clear that malice is not required to be shown in cases based on an alleged invasion of the right of privacy but malice may form the basis for punitive damages. Cf. Ross v. Gore, Fla.1950, 48 So.2d 412.

Appellant may have a heavy burden in recovering damages in or over the jurisdictional amount. Cf. Cason v. Baskin, supra, where on the second appeal it was said:

"A consideration of the evidence as a whole, however, fails to show that plaintiff has offered any substantial evidence to show that she is entitled to any actual or compensatory damages. Her health has not been impaired—in fact she gained some twenty pounds in weight since the book was published. * * * There was no mental anguish—no loss of friends or respect in the community—no injury to character or reputation. The evidence fails to show any malice on the part of the defendant and fails to show that plaintiff has sustained any substantial injury."

■ Nevertheless, it must appear to a legal certainty that the claim is really for less than the requisite jurisdictional minimum amount to justify dismissal. Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 and Barry v. Edmunds, 1886, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729. Cf. Payne v. State Farm Mutual Automobile Insurance Company, 5 Cir., 1959, 266 F.2d 63. Here such legal certainty is absent and it was error to dismiss the complaint.

■ And it should go without saying that on remand the questions of adequate publicity, malice, reasonableness of the action taken if it develops that there was any basis in fact for the action, all pose fact questions on which appellant is entitled to proceed at least beyond the stage of dismissal on the bare pleadings. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Arthur H. Richland Company v. Harper, 5 Cir., 1962, 302 F.2d 324.

Since the complaint is being reinstated for further proceedings we think good judicial administration dictates that we pass on the question posed by the grant of the motion to strike. We affirm as to it.

■ The order thereon provided that "all claims for damages which the plaintiff allegedly suffered as a result of wounded feelings, embarrassment, and humiliation, allegedly suffered by persons other than plaintiff be stricken from the complaint." It is settled that the right of privacy is personal and does not extend to members of the family unless they are brought into unjustifiable publicity, here not alleged, and then the right is in them. Prosser on Torts, supra, p. 641; Prosser, "Privacy", 48 Cal.L.Rev. 383, supra; Atkinson v. John E. Doherty & Co., 1899, 121 Mich. 372, 80 N.W. 285, 46 L.R.A. 219, and Bazemore v. Savannah Hospital, 1930, 171 Ga. 257, 155 S.E. 194. To hold otherwise could lead to a double recovery. Raymond & Whitcomb Co. v. Ebsary, 2 Cir., 1925, 9 F.2d 889. And the weight of authority is that the reflex suffering of appellant based on his knowledge of the mortification of or other effect on his family may not be considered as an element of damage. The question does not appear to have arisen in a right of privacy case but cases involving libel are analogous. See Dennison v. Daily News Pub. Co., 1908, 82 Neb. 675, 118 N.W. 568, 23 L.R.A.,N.S., 362; Bishop v. New York Times Co., 1922, 233 N.Y. 446, 135 N.E. 845; Stevens v. Snow, 1923, 191 Cal. 58, 214 P. 968 and Sheftall v. Central of Ga. Railway Co., 1905, 123 Ga.

589, 51 S.E. 646. Contra: Flam v. Lee, 116 Iowa 289, 90 N.W. 70; Ott v. Murphy, 1913, 160 Iowa 730, 141 N.W. 463; Thomas v. Frost, 83 Utah 207, 27 P.2d 459, all involving malicious prosecution and Luna de la Peunte v. Seattle Times Co., 186 Wash. 618, 59 P.2d 753, 105 A.L.R. 932, a libel action.

Having affirmed in part and reversed in part we remand for further proceedings not inconsistent herewith.