## Deibler v. Thrift Drug Co. of Pennsylvania

*Davis & Katz*, for plaintiffs.

*James R. Koller, W. C. Shissler* and *Lewis, Lewis & Christianson*, for defendants.

GATES, P. J. September 3, 1964.—On July 15, 1963, plaintiffs filed a complaint in trespass against defendants. The gist of the complaint is that three boys[1] were at defendant Thrift Drug Company's place of business in a shopping center in Palmyra, Lebanon County, Pa., when they were accosted and accused of shoplifting by defendant William H. Long. From the complaint, it would appear that defendant Carl S. Farver stated to defendant Donald E. Moretz that the minor plaintiffs had stolen a tube of lipstick in the W. T. Grant Store, which was also located in the Palmyra Shopping Center. In turn, defendant Donald E. Moretz telephoned defendant William H. Long, agent, servant or employe of defendant Thrift Drug Company, to the

---

[1] As a matter of fact, there were also three young girls involved, and they have brought an identical suit to no. 330, June term, 1963, no. 330.

effect that the minor plaintiffs had stolen items from the W. T. Grant Store. Defendant William H. Long, observing the minor plaintiffs in the Thrift Drug Company, allegedly assaulted the minor plaintiffs by making certain gestures and grabbing the minor plaintiff Robert Deibler, Jr., by the collar, thus committing a battery. He further searched the person of the minor plaintiffs, falsely imprisoned them and falsely accused them of larceny, theft or shoplifting in the presence of a number of people.

To plaintiffs' complaint, defendants filed preliminary objections. All of the preliminary objections of the various defendants are substantially identical.

This is a complaint by three plaintiffs against four defendants. In drafting the complaint, plaintiffs set up various counts, wherein the individual plaintiffs and the individual defendants are described as the parties. Introductory paragraphs in each count incorporate prior pertinent paragraphs by reference.[2] The incorporating paragraphs are unnumbered. This is the basis for defendants' first preliminary objection.

While it is true that Pennsylvania Rule of Civil Procedure 1022 does require that every pleading be divided into paragraphs numbered consecutively, we are of the opinion that this rule has no application to introductory paragraphs. This rule was similar to the rule set forth in the prior Practice Act, and the requirement is important to defendant, for he is required to either admit or deny specifically the allegations of the complaint and do so by reference to the numbered paragraphs of plaintiffs' complaint. Where, as here, the introductory paragraphs require no answer, the failure to number them is not sufficient cause to either require plaintiffs to amend or to strike the complaint.

[2] Pa. R. C. P. 1019 (a) allows incorporation of prior paragraphs by number reference only.

The preliminary objections of defendants on this ground will be refused.

Another reason submitted in support of the preliminary objections of defendants in the nature of a motion to strike off the complaint is that the verifications to plaintiffs' complaint fail to conform to the requirements of Pa. R. C. P. 1024(a). The rule is as follows:

"Every pleading containing averments of fact not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief. The affiant need not aver the source of his information or expectation of ability to prove the averments or denials at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder."

If we understand defendants' contention correctly, they submit that the last sentence of the rule requires the affiant to set forth in the verification which facts are of his personal knowledge and which facts are verified upon information and belief. We do not write such a sweeping requirement into the sentence. It is our view rather that this sentence clarifies a third possible alternative form of verification. An affiant could swear that all the facts are true on his personal knowledge. He could also swear that all the facts are true based on information and belief but not of his own personal knowledge. The third alternative would permit an affiant in his verification to aver that part of the facts are true, based upon his own personal knowledge and other parts are based upon his information and belief. We do not believe, however, that the drafters of this rule intended that the affiant insert in the verification those facts which are based upon the affiant's own knowledge and those facts which are based upon in-

formation and belief. Such an interpretation would have the tendency of requiring a plaintiff to restate the substance of the complaint again in the verification. This, of course, would be needlessly repetitious and unnecessary. If the means of proof are important to a defendant's case, or if this information is required prior to his preparing an answer, resort may be had by him to the rules of discovery. We see no real merit to this contention, and the preliminary objections based upon this ground will be refused.

Defendants also preliminarily object in the nature of a motion to strike off the complaint on the ground that this complaint does not conform to the requirements of Pa. R. C. P. 1020 (a) in that it does not separate into counts different causes of action in trespass. We have found conflicting lower court authority on this proposition. Judge Sweney, of the Common Pleas Court of Delaware County, in Porter v. Arnold, 63 D. & C. 109, takes the position that this rule applies only in assumpsit cases and does not, by virtue of Rule 1041, become incorporated into the rules relating to actions in trespass. Judge Fred Davis, of Monroe County, in Fetherman v. Citizens Gas Company, 7 D. & C. 2d 773, held that the rule does apply in trespass cases. We have the highest regard for Judge Sweney's opinions and equal regard for those of Judge Davis. However, this is not a matter of judicial partisanship, and we must necessarily adopt one view or the other. Consequently, we will enter ourselves on Judge Davis' team. Not alone for the reason that we are of the opinion that Pa. R. C. P. 1041 *does* incorporate Rule 1020 (a) in the rules governing pleadings in trespass cases, but for what we regard to be a very realistic and basic consideration. It is customary for juries to return a verdict as to each count as set forth in plaintiffs' complaint. This, of course, is absolutely necessary where there are, as here, many counts, three plaintiffs

and four defendants, for some might be liable while others not. A general verdict in a case such as this, simply finding for plaintiff and against defendants in a stated amount, would be unacceptable as well as unreviewable. In the instant complaint, there are 12 counts, each count properly headed as one of the plaintiffs v. one of the defendants. However, and, for example, the first count in paragraph 11 purports to state a case for damages for simple assault; paragraph 14 states a case of assault and battery; paragraphs 16, 27 and 28 purport to state a case for damages as a result of false imprisonment; paragraphs 20 through 24 purport to state a case in defamation; finally, paragraphs 17, 25 and 26 purport to state a case for damages as a result of defendants' invasion of plaintiffs' right of privacy. Immediately following paragraph 28 of the first count, plaintiff demands damages both generally and exemplarily. If the jury were to return a verdict as to count 1 in favor of plaintiff and against defendant in a stated sum of money, neither we nor an appellate court could properly review the jury's action. We could not tell from their verdict whether or not the jury found facts sufficient to support one or more of the five causes of action stated in the first count, nor could we review the amount of damages from the point of view of sufficiency or inadequacy, for we would not know whether the jury determined defendant liable for one or more of the causes of action stated in this first count. This criticism is applicable not only to the first count, wherein plaintiff is Robert Deibler, Jr., and defendant is William H. Long, but it is equally applicable to the second count wherein Robert Deibler, Jr., is the plaintiff and Thrift Drug Company is the defendant; the fifth count, wherein Gary McGuire is the plaintiff and William H. Long is the defendant; the sixth count, wherein Gary McGuire is the plaintiff and Thrift Drug Company is the defendant; the ninth

count, wherein Randall Horner is the plaintiff and William H. Long is the defendant; and the tenth count, wherein Randall Horner is the plaintiff and Thrift Drug Company is the defendant. We are of the opinion that this criticism is not applicable to the third count, wherein Robert Deibler is the plaintiff and Donald E. Moretz is the defendant; the fourth count, wherein Robert Deibler is the plaintiff and Carl S. Farver is the defendant; the seventh count, wherein Gary McGuire is the plaintiff and Donald E. Moretz is the defendant; the eighth count, wherein Gary McGuire is the plaintiff and Carl S. Farver is the defendant; the eleventh count, wherein Randall Horner is the plaintiff and Donald E. Moretz is the defendant. In each of these counts, plaintiffs' complaint purports to state a case for plaintiffs in defamation only.

Therefore, we are of the opinion that defendants' motion must be granted, but we will allow plaintiffs to amend their complaint in accordance with Pa. R. C. P. 1033. We are well aware that this amended complaint will thereby be rendered extremely voluminous and bulky, as plaintiffs complain in their briefs. However that may be, it is not the application of the rules or the law to this situation but the fact that there are three plaintiffs asking for damages from four defendants arising out of five separate causes of action. Such a complaint cannot necessarily be simply stated. It must, of necessity, be voluminous. Mass alone is not sufficient reason to fail to comply with the rules promulgated by the Supreme Court.

Finally, defendants complain that plaintiffs' complaint lacks specificity in many regards. Primarily, the objection is directed to the alleged failure of plaintiffs to set forth with precision what defamatory utterances are chargeable to these defendants. Pa. R. C. P. 1019 requires that the material facts on which a cause of action or defense is based must be stated in a concise

and summary form as distinguished from averments of a general nature. In an action of defamation for slander, most frequently the material and only fact of importance is the words that were spoken. Thus, it has been held that in an action for slander, the words that constitute the offense must be set out in the complaint: Young v. Geiske, 209 Pa. 515, at 519. This requirement is not met by a general allegation that defendant uttered "transitory words." Inasmuch as this complaint must be amended for reasons hereinbefore stated, we will also require this plaintiff to set forth in his complaint precisely what the defamatory utterances were. Defendant is entitled to know this, and, while it is true that defendants can resort to discovery proceedings to learn these matters, it will not excuse the pleader from stating his case properly. A pleader should not so plead his case as to force a defendant to discovery in every case. Where, as here, the lack of specificity is more than evidentiary in nature, the facts must be set forth in the complaint or be subject to a motion to strike.

We are not unaware of the fact that slander may be committed by gesture alone, in which event there would be no verbal utterances to plead. Generally speaking, plaintiffs here have stated a case which is perhaps as close factually as can be to Bennett v. Norban, 396 Pa. 94. However, from plaintiffs' complaint, it is clear that there were verbal utterances by some of these defendants as well as gestures of a slanderous nature. Therefore, plaintiffs must set forth in their complaint what the slanderous words were.

Therefore, after due and careful consideration, we make the following

*Order*

And now, to wit, September 3, 1964, the preliminary objections of defendants are sustained in part and overruled in part in accordance with the foregoing opinion.

Leave is granted to plaintiffs, without prejudice, to file an amended complaint in accordance with the foregoing opinion within 30 days of the date hereof. Costs to abide the event.