## Barth v. Barrack

*Mervine, Brown & Newman,* for plaintiff.
*Krawitz, Sigal & Ridley,* for defendant.

WILLIAMS, P. J., April 12, 1973.—Plaintiff seeks to recover damages in a trespass action for slander. The complaint alleges that plaintiff is engaged in the business of marketing management, business and

financial administration, and marketing and financial consultant, in the field of real estate sales and recreational real estate subdivision sales, management and development; and that on October 16, 1972, defendant, in the presence and hearing of William Powlett and many others, said:

"Barth ballooned bills paid and he is going to jail."

The complaint further alleges that at the same time and place, defendant said:

"He, (meaning plaintiff) asked Donnie if McGregor ever checked the accounts or deposits and Donnie said 'no, he did not' and Vince (meaning plaintiff) said 'good, take some money from one account and put it into another, and we'll use this money for bonus money, $25,000 one week and $25,000 the next.' Vince (meaning plaintiff) stole this money."

Defendant filed preliminary objections seeking a more specific statement. Defendant's brief asserts that the complaint violates Pennsylvania Rule of Civil Procedure 1019 in two respects: (1) the complaint does not inform defendant who the "other persons" are who were present at the time the alleged statements were made, and (2) the complaint fails to set forth specifically the damages alleged and their monetary values.

### Must the Complaint State the Names of All Hearers of an Alleged Defamatory Statement?

This same issue has been ruled upon a number of times by common pleas courts. In Atkinson v. Niederriter, 44 Erie 6 (1960), President Judge Evans said:

"Nor is it necessary to aver all who heard the remarks because at the time of trial all who did so hear them may be witnesses to the fact that the remarks were made and as to the manner in which they were made."

Judge Evans ruled that at least one person should be specified who heard the remarks. This requirement has been satisfied in the complaint filed in this case.

Prior to the adoption of rules on discovery, a litigant had no right by a bill of discovery to obtain the names of his adversary's witnesses: Yorkshire Worsted Mills v. National Transit Company, 325 Pa. 427 (1937). Now, under Pa.R.C.P. 4007(a), a party may discover, by oral deposition or written interrogatories, the identity and whereabouts of witnesses. See Bystrom v. Sears, Roebuck & Co., 18 D. & C. 2d 300 (1959). The proper method for defendant to discover the names of witnesses is not through the employment of preliminary objections but by resort to Pa.R.C.P. 4007(a).

### Is Plaintiff Required to Set Forth the Specific Damages Alleged and Their Monetary Value?

If the words used were slanderous per se, special damages need not be alleged. It is sufficient to allege damages generally.

In Bogash v. Elkins, 405 Pa. 437, 440 (1962), the court said:

" 'It was the duty of the court to determine whether or not the words used were libelous per se. If they were not then in the absence of averment of special damages, binding instructions were proper:' McDonald v. Lee, 246 Pa. supra, (page 255)."

We must determine if the language here alleged was slanderous per se. If so, defendant's preliminary objection is not well taken.

" 'A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him:' " [Cited cases omitted]: Corabi v. Curtis Publishing Company, 441 Pa. 432, 442 (1971).

To suggest that a person has committed acts which constitute an indictable offense is slanderous per se. Thus, to use language which implies a person is a thief is slanderous per se: Bennett v. Norban, 396 Pa. 94, 98 (1969). Here, the language allegedly employed by defendant charges him with being a thief. The words "Vince stole this money" charges the crime of larceny. Moreover, words spoken which impute to another conduct incompatible with his business, trade or profession, are subject to liability without proof of harm or loss of reputation: Herler v. Pierce, 50 Pa. Superior Ct. 568 (1912); Dennis v. Triangle Publications, Inc., 49 D. & C. 2d 467, 470 (1970) (footnote).

### ORDER

And now, April 12, 1973, preliminary objections are dismissed and defendant is given 20 days in which to file a responsive pleading to plaintiff's complaint.