## Tosloski v. W. T. Grant Co.

*James J. Rosini*, for plaintiffs.
*Carl Rice*, for defendant.

MOSER, J., April 29, 1974.—In this action of trespass, the complaint filed by plaintiffs contains (1) first cause of action (false imprisonment), and (2) second cause of action (slander) as to plaintiff, Geralynn Tosloski, and (3) third cause of action (false imprisonment), and (4) fourth cause of action (slander) as to plaintiff, Margaret Montefusco. Each plaintiff seeks damages for false imprisonment and slander allegedly committed on them by defendant's agent and employe.

Defendant has filed preliminary objections to plaintiffs' complaint in the nature of (1) motion for more specific complaint as to all four causes of action; (2) demurrer as to the fourth cause of action; and, (3) motion to strike as to the second and fourth causes of action. At argument and in its brief, defendant withdrew the motion to strike from our consideration, and this opinion is concerned with the remaining preliminary objections.

The situation involved in this proceeding may be gathered from a consideration of the allegations set out in plaintiffs' complaint. As plaintiff Tosloski was leaving her employment at defendant's store at Anthra Plaza at about 9 p.m. on September 30, 1972, she was stopped by defendant's assistant manager who insisted that she had stolen several articles of clothing. At the insistence of defendant's assistant manager and under threat of physical force, plaintiff Tosloski accompanied the assistant manager to the executive offices in the store, where she was detained against her will from 9 p.m. to 10:30 p.m. On that date, at about 9 p.m., defendant's agent stated to plaintiff Tosloski publicly

and within the hearing of numerous persons: "You are a thief and I am going to prosecute you to the full extent of the law."

At about 9 p.m. on the same date, while plaintiff Montefusco was waiting for plaintiff Tosloski in defendant's parking lot at Anthra Plaza, she was approached by defendant's assistant manager. At the insistence of defendant's assistant manager and under threat of physical force, plaintiff Montefusco accompanied defendant's assistant manager into the store and to the executive offices therein, and was not permitted to leave until 10:30 p.m. On the same date, at about 9 p.m., defendant's agent stated to plaintiff Montefusco publicly and within the hearing of numerous persons: "I am accusing you of conspiracy, and I'm going to prosecute you to the full extent of the law."

As indicated, defendant has filed a preliminary objection in the nature of a motion for a more specific pleading. The basis of this objection is that plaintiffs' complaint fails to comply with the requirements of section (a) of Pennsylvania Rule of Civil Procedure 1019: "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

"Rule 1019(a) of the Pa. Rules of Civil Procedure provides that the material facts upon which a cause of action or defense is based shall be stated in a concise and summary form. The rule merely specifies the essential requirement of stating the material facts and by necessary implication excludes everything else, i.e. evidence, conclusions, anticipatory defenses. 2 Anderson Civil Practice 363. While one purpose of the complaint is to inform the defendant of the nature and basis of the plaintiff's claim, it also has a broader function in that it should define the issues to be tried and limits the testimony to be produced. Presumably

all facts in connection with a cause of action are within the knowledge of a defendant, but that does not relieve plaintiff from pleading them. Flintosh, Admr. v. Elko, 48 D. & C. 72, 74": Kane v. Kane, 29 Northumb. L. N. 91, 93.

"Upon a preliminary objection requesting a more specific complaint, the test is whether plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense. Morris Black & Sons, Inc. v. Allentown Supply Corp., 67 D. & C. 535": Kane v. Kane, supra, page 93.

". . .

"It is likewise true that where facts are within the knowledge of the adverse party he is not entitled to as much precision in his pleading as if he did not know them. Rich v. Kehler, 47 Schuykill 168": Kane v. Kane, supra, page 94.

As we interpret them, the whole purpose of the procedural rules is to avoid arbitrary and technical requirements and to limit the pleadings to a concise statement of the cause of action: Davis v. Carr, 61 D. & C. 479. Moreover, this court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement: United Refrigerator Co. v. Applebaum, 410 Pa. 210, 189 A. 2d 253.

When the complaint is read in the light of the foregoing rules, it is apparent that it is sufficiently specific to give defendant in the instant case notice of what propositions will confront it upon trial: Inch v. Walz, 35 Northumb. L. J. 166. " 'Nowadays with our expanded discovery procedure, we should not delay the litigation by requiring amended pleadings when it is doubt-

ful what is sought is basic fact or evidence. Rather we should remand defendant to discovery proceedings when the specific items of special damage which plaintiff seeks to recover are pointed out in his pleadings even though these items are not themselves further itemized' ": General Acceptance Corp. v. Wilson, 40 Northumb. L. J. 54, 57. We find no merit to this preliminary objection.

Defendant has filed a preliminary objection in the nature of a demurrer as to the fourth cause of action in plaintiffs' complaint. The reason assigned in support of this preliminary objection is that the statement attributed by plaintiffs to defendant's agent did not constitute slander nor charge plaintiff Montefusco with any crime. In the complaint, plaintiffs allege that defendant's agent stated to her publicly and within hearing of numerous persons: "I am accusing you of conspiracy, and I'm going to prosecute you to the full extent of the law." Plaintiffs contend that the meaning and intent of the statement was to charge plaintiff with conspiracy to commit larceny. Defendant argues that the use of the word "conspiracy" does not indicate that any crime is being charged to plaintiff Montefusco.

The court, in Long v. Great A.&P. Tea Co., 29 Del. Co. 512, indicated that plaintiff, aided by innuendo, had established that he had been accused of larceny, thereby making out a case actionable per se. In reaching its ultimate conclusion, the court espoused the general rule that where an innuendo is relied upon, it is for the court to determine whether the words laid in defendant's statement ("I saw you take that bag") are capable of the meaning ascribed to them by innuendo, but that it is the province of the jury to determine whether or not the words were used with that meaning.

In Bennett v. Norban, 396 Pa. 94, 151 A. 2d 476, the plaintiff-customer, as she left defendant's self-service store without having purchased anything, was confronted by the assistant manager about 20 feet from the entrance and ordered to remove her coat, and upon the assistant manager's remark "What about your pocket?" was subjected to a search of the pockets of her dress and handbag, which search revealed nothing. The court reversed the trial court's order striking plaintiff's count for slander and rejected defendant's contention that slander must consist of words only, concluding that the events formed a dramatic pantomine suggesting to the assembled crowd that plaintiff was a thief.

"We are satisfied to hold that the meaning of the entire incident suffered by plaintiff, taken in the round, was slanderous. The direction to remove her coat, the question about her pockets, the action of feeling in them and then searching her purse: these events formed a dramatic pantomine suggesting to the assembled crowd that appellant was a thief": Bennett v. Norban, supra.

The demurrer, in effect, admits every well-pleaded, material, relevant fact and every inference fairly deducible from the facts pleaded: Byers v. Ward, 368 Pa. 416, 84 A. 2d 307, Erie v. Gulf Oil Corp., 395 Pa. 383, 150 A. 2d 333. For the present purpose, we must, therefore, accept as true the averments of the complaint. It will serve no useful purpose to review again the averments contained in the complaint which have been mentioned above. The question here is not whether the complaint is so clear in both form and specification as to enable plaintiff to proceed to trial without amendment, but whether upon the facts averred it shows as a matter of law that plaintiff is not entitled to recover: Sun Ray Drug Co. v. Lawler, 366 Pa. 571, 573 79A.2d

262; Gross v. United Engineers & Constructors, Inc., 224 Pa. Superior Ct. 233, 302 A. 2d 370. Under the facts averred in the instant case, we must conclude that plaintiffs have stated a cause of action. Whether it can be proven or not at the trial remains to be learned: Palmer v. Arrow Carrier Corp., 36 Northumb. L. N. 197. The demurrer is, therefore, refused.

### ORDER

And now, April 29, 1974, the preliminary objections filed by defendant are hereby overruled and dismissed. Defendant shall have the right to plead over within 20 days from the date of this order.

Let an exception be noted for defendant.