**Jerry W. LEWIS, et al., Plaintiffs,**

v.

**SNAP–ON TOOLS CORP., et al., Defendants.**

**No. 88–339–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

March 17, 1989.

Arnold D. Levine, Tampa, Fla., and Joe M. Gonzalez, Lutz, Fla., for plaintiffs.

Brooks P. Hoyt, Steven L. Brannock, Holland & Knight, Tampa, Fla., for defendants.

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss, filed August 1,

1988; response thereto, filed August 25, 1988; and reply to response filed, September 8, 1988.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

This cause was filed in the state court and removed to this Court on March 10, 1988. Prior to removal, Plaintiffs original complaint and first amended complaint were dismissed, in significant portion, by the state trial judge. Plaintiffs voluntarily withdrew their second amended complaint. Plaintiffs' third amended complaint added a Federal RICO action; therefore, the cause was removed to this Court.

Subsequent to removal, Defendants filed a motion to dismiss Counts I (interference with contractual relations), VI (invasion of privacy), and VII (loss of consortium) of the third amended complaint and to strike or dismiss the claims for attorney's fees and punitive damages. On June 7, 1988, this Court ruled on the motion to dismiss. The Court granted the motion to dismiss as to Counts VI (with leave to amend), Count VII (with prejudice), attorney's fee claim, and the claim for punitive damages (without prejudice).

On June 24, 1988, Plaintiffs filed a fourth amended complaint, again asserting a claim for invasion of privacy (Count VI) and punitive damage claims, which Defendants once again seek to have dismissed. (The Court notes that prior to removal the state court dismissed both the invasion of privacy count and the claims for punitive damages).

COUNT VI: INVASION OF PRIVACY

In the June 7, 1988, order this Court stated, in its dismissal of the claim for invasion of privacy:

Plaintiff Lewis alleges that Snap-on told his customers he was stealing their pay-

ments and told other dealers that Lewis was a bad influence. Plaintiff's privacy claim is based on Snap-on's alleged public disclosure of private facts. Disclosure to a small group of persons who have an obvious interest in the subject matter of the disclosure is not sufficiently public to state a cause of action for invasion of privacy. *Santiesteban v. Goodyear Tire and Rubber Co.,* 306 F.2d 9, 11 (5th Cir.1962). The Court grants the motion to dismiss as to this issue.

The *only* change made in this Count between the third and fourth amended complaint is the description as to whom the information was disclosed, as follows:

1. Paragraph 60(a) of the third complaint reads: Defendant Barbato stated *to people, including customers of Plaintiff Lewis,* ... He also stated *to various and sundry people, including Plaintiff Lewis' customers,* ... The fourth complaint replaces the underlined portions of that paragraph as follows: "to a large number of people, including customers and non-customers of Plaintiff Lewis" and "to a large number of people, some of whom were non-customers of Plaintiff Lewis."

2. Paragraph 60(b) stated: The Defendants, *have stated to third persons, including customers of Jerry W. Lewis,* that Plaintiff Lewis was stealing customer's payments, and they *asked third persons, including Plaintiff Lewis' customers,* ... The underlined portion was replaced as follows: "have stated to a large number of persons, some of whom were customers and some of whom were non-customers of Jerry W. Lewis" and "asked third persons, who were both customers and non-customers of Plaintiff Lewis."

3. Paragraph 60(c) stated: Defendant Ferney told *other Snap–On dealers ...,* which was replaced by Defendant Ferney told third parties including other Snap–On dealers.

Generally, the right of privacy is violated by the publication of private material or matters, of which there is no legitimate concern of the public, to the public in gen-

eral or to a large number of persons, rather than an individual or a few. *Santiesteban*, 306 F.2d at 11; 19 *Fla.Jur.2d*, Defamation and Privacy, s143. The publication or "publicity" must be to "so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Harris v. Easton Publishing, Co.*, 335 Pa.Super. 141, 483 A.2d 1377, 1384 (1984), citing Restatement (Second) of Torts s652D. comment a.

■ The Court, on due consideration, concludes that the changes in the fourth amended complaint are insufficient to correct the defects that have been previously found (on three occasions) in the claim for invasion of privacy. The mere conclusory allegation that the alleged disclosure was to "large numbers of persons" does not meet the requirement that the publication be to the general public in such a manner as to be outrageous and certain to become public knowledge. Moreover, the Court agrees with the trial court judge who found that the complaint does not sufficiently allege the disclosure of "private facts." (Order on motion to dismiss amended complaint). Plaintiff having made five attempts to state a cause of action of invasion of privacy, and, having failed on each occasion, the Court finds Count VI should be dismissed with prejudice.

## PUNITIVE DAMAGES CLAIMS

Plaintiffs seek punitive damages in connection with Counts I, IV, V, VII, IX, XI, XII, XIII, and XIV. Pursuant to Section 768.72, Florida Statutes, in a civil action, ... no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

The state trial judge found that the claims of Plaintiffs were subject to the requirements of 768.72, because all of the dates in the complaint were subsequent to the July 1, 1986, effective date of the Act. As to Counts I, IV, V, VII, and IX the complaint, where the question is addressed, asserts that all actions occurred prior to July 1, 1987. The complaint is unclear as to which if any of the actions arose prior to the effective date of 768.72, July 1, 1986. Therefore, the Court concurs with the finding of the state trial judge and finds that, unless Plaintiffs clearly establishes that the claims arose prior to July 1, 1986, the statute applies to this complaint.

The Court adopts by reference here Defendants' motion to dismiss claim for punitive damages as to Counts X through XIV. Plaintiffs response fails to oppose this portion of the motion to dismiss. The Court finds the claim for punitive damages as to Counts X through XIV should be dismissed with prejudice.

■ The claims for punitive damages alleged by Plaintiffs' four previous complaints have been dismissed. In its order of June 7, 1988, this Court dismissed the punitive damage claims, without prejudice, for failure to support the claims by record evidence. Subsequently, Plaintiffs submitted a proffer of evidence in support of the claims for punitive damages. The proffer included jury verdict in *Owen v. Snap-on Tools Corp.*, a related case from California, and various affidavits taken in another related California case, *Lowder v. Snap-on Tools Corp.*

The Court, upon due consideration, concludes that the proffer of evidence by Plaintiffs do not constitute a "reasonable showing" providing a "reasonable basis" for recovery of punitive damages as required by Section 768.72, Fla.Stat. The Court finds the motion to dismiss persuasive on this point and cites it with approval. The Court also notes that this continual filing of amended complaints, followed immediately by motions to dismiss

are doing nothing to significantly move the progress of this case forward. Accordingly, it is

ORDERED that the motion to dismiss Count VI of the fourth amended complaint be granted, with prejudice; it is

FURTHER ORDERED that the motion to dismiss the claims for punitive damages as to Counts X through XIV be granted and those claims be dismissed with prejudice; it is

FURTHER ORDERED that the motion to dismiss the claims for punitive damages as to Counts I, IV, V, VII, and IX be granted and those punitive damages claims be dismissed without prejudice, it is

FURTHER ORDERED that Plaintiffs are instructed to defer filing another amended complaint or asserting claims for punitive damages until such time as sufficient discovery in this cause has occurred to provide a reasonable basis for claiming punitive damages; and, it is

FURTHER ORDERED that Defendants shall have ten (10) days from the date of this order in which to answer the existing complaint; if a subsequent amended complaint is filed Defendants shall have ten (10) days from date of service of that pleading in which to respond to it.

DONE and ORDERED.