ORDER ON PLAINTIFF’S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD A CLAIM FOR PUNITIVE DAMAGES

KOVACHEVICH, District Judge.
This cause comes before the Court on Plaintiff ROSE DOMKE’s Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages filed July 1, 1996, and Defendant McNEIL-P.P.C., INC.’s Memorandum in Opposition filed July 15, 1996.
On March 10,1995, Plaintiff filed her complaint in state court seeking recovery based upon allegations of: Negligence, Strict Liability, Breach of Express Warranty, Breach of Implied Warranty, and Misrepresentation (Docket No. 2). Plaintiff requested judgment against Defendant for damages, costs, and further relief as this Court deems proper. Plaintiff did not request punitive damages in her complaint. On March 14, 1995, this Court signed an order on removal to this Court (Docket No. 4). On July 1, 1996, Plaintiff filed a Motion for Leave to Amend to Add a Claim for Punitive Damages against Defendant.
The Federal Rules of Civil Procedure govern the amendment of pleadings. In particular, Rule 15(a) provides that leave to amend pleadings “shall be freely given when justice so requires.” The Supreme Court, in Forman v. Davis, has dictated that “this mandate is to be heeded.” Id., 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Court can consider several factors in exercising its discretion such as “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment ...” Marcus v. Carrasquillo, 782 F.Supp. 593 (M.D.Fla.1992) [quoting Fo-man v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ] (emphasis added).
Defendant argues that Plaintiffs motion is untimely because Plaintiffs Motion was served on the last day for filing dispositive motions, July 1, 1996, and almost one year following entry of this Court’s Case Management and Scheduling Order. Defendant is correct in stating Local Rule 3.05(c)(2)(E) disfavors a motion to amend any pleading after entry of the Case Management and Scheduling Order. Despite this, the Court may refuse to permit amendment only if the delay is characterized as “undue”. Datascope Corp. v. SMEC, Inc., 962 F.2d 1043, 1045 (Fed.Cir.1992). By adding a claim for punitive damages, Plaintiff does not propose a new suit, nor does she rely on a different set of facts. Although it finds Plaintiffs motion late forthcoming, this Court does not find Defendant is unduly delayed. Additionally, this Court does not find any dilatory motive by the Plaintiff in filing this motion.
Defendant argues that Plaintiff violated Local Rule 3.01(g) by not conferring with Defendant before filing Plaintiffs Motion for Leave to Amend. In addition, Defendant argues Plaintiff failed to include a statement in her motion certifying that she has conferred with Defendant. Defendant is correct that Local Rule 3.01(g) requires Plaintiff to confer with Defendant in a good faith effort to resolve issues raised by Plaintiff’s Motion for Leave to Amend. Defendant is also cor-. rect that Plaintiff shall file with her motion a statement certifying that she has conferred with Defendant and that counsel was unable to agree on a resolution of the motion. See Local Rule 3.01(g). It is clear by the Defendant’s subsequent opposition that there would have been no agreement or resolution of the motion. Therefore, this Court will not deny Plaintiffs motion based on this violation, however, this Court reminds Plaintiff that all Local Rules must be complied with and that Plaintiff shall comply with all Local Rules hereinafter.
Defendant contends that Defendant will be prejudiced if this Court grants Plaintiffs Motion for Leave to Amend. Discovery in this case is complete as of September 30, 1996. *852 Even in the event that this Court denied Plaintiffs Motion for Leave to Amend to Add a Claim for Punitive Damages, Plaintiff would still have the opportunity to make this same motion during the trial proceedings. While Defendant obviously opposes Plaintiffs Motion for Leave to Amend, this Court fails to see how Defendant is prejudiced by Plaintiffs motion.
Neither parties dispute that Florida Statute § 768.72 is substantive and must be applied by Federal Courts. Mahon v. City of Largo, Florida, 829 F.Supp. 377 (M.D.Fla.1993); Marcus v. Carrasquillo, 782 F.Supp. 593 (M.D.Fla.1992); Lancer Arabians, Inc. v. Beech Aircraft Corp., 728 F.Supp. 1444 (M.D.Fla.1989); Lewis v. Snap-On Tools Corp., 708 F.Supp. 1260 (M.D.Fla.1989). Plaintiff must obtain leave of court to amend her complaint before she may assert punitive damages. Simeon, Inc. v. Cox, 671 So.2d 158 (Fla.1996). This Court must determine whether there is a reasonable basis for recovery of punitive damages. Id. To permit a claim for punitive damages, Florida Statute § 768.72 requires a “reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.”
This Court has the discretion to deny Plaintiffs Motion for Leave to Amend if permitting the amendment would be futile. Mahon v. City of Largo, Florida, 829 F.Supp. 377 (M.D.Fla.1993). A demand for punitive damages is premature without a showing of an evidentiary basis in the record. Marcus v. Carrasquillo, 782 F.Supp. 593 (M.D.Fla.1992). Defendant argues that Plaintiffs allegations, even if true, do not provide a reasonable basis for punitive damages and therefore the motion is futile.
Punitive damages are appropriate when a defendant’s conduct is fraudulent, deliberately violent or oppressive, malicious, or committed with such gross negligence as to indicate a wanton disregard for the rights of others. W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994) [citing White Contr. Co. v. Dupont, 455 So.2d 1026, 1028-29 (Fla.1984); Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 327, 171 So. 214, 221 (1936) ]. The requisite evil intent may be inferred from the defendant’s having pursued a course of action in wanton disregard of the consequences. Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242,247 (Fla. 1st DCA 1984). Accordingly, punitive damages may be imposed when the defendant knows of the defect but chooses not to remedy the dangerous condition. Toyota Motor Co., Ltd. v. Moll, 438 So.2d 192 (Fla. 4th DCA 1981).
In Lewis v. Snap-On Tools Corp., the plaintiff proffered a jury verdict and various affidavits from a related case from California. Id. at 708 F.Supp. 1260 (M.D.Fla.1989). This Court concluded the Lewis plaintiff did not make a reasonable showing to provide a reasonable basis for recovery of punitive damages under Florida Statute, Section 768.72. Id. at 1262. In the present case, Plaintiff has proffered Benedi v. McNeil-P.P.C., Inc. as factually and legally analogous to the present case. Id. at 66 F.3d 1378, 1389 (4th Cir.1995). In addition, Plaintiff proffers various allegations, including that Defendant had actual knowledge of the alcohol/acetaminophen problem, that Defendant’s intent was to “muddy the waters” in the event of publicity, that Defendant sent a letter to pharmacists and hospitals stating there was no link between liver damage and casual alcohol consumption combined with acetaminophen, and that Defendant has not conveyed to consumers the risk of liver damage or alcohol/acetaminophen interaction to consumers. In light of these allegations, Plaintiff has provided a reasonable showing for a reasonable basis for a claim for punitive damages under Florida Statute § 768.72. Accordingly, it is
ORDERED that PLAINTIFF’S Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages be GRANTED.