436 A.2d 701

Robert NAGY and Lois Nagy, Appellants,

v.

The BELL TELEPHONE COMPANY OF
PENNSYLVANIA and Gerald Porto.

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed Oct. 30, 1981.

K. Lawrence Kemp, New Kensington, for appellants.

William J. O'Brien and Thomas Gibson, Philadelphia, for Bell, appellee.

Mark T. Wade, Washington, for Porto, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal by Robert and Lois Nagy, plaintiffs below, of the order of the trial court sustaining defendants', The Bell Telephone Company of Pennsylvania and Gerald Porto, preliminary objections to all three counts of the plaintiffs' complaint. We affirm in part and reverse in part.

The facts of the case are adequately stated by the court below:

> The individual defendant, Gerald Porto, is the estranged husband of Judy Porto, the wife-plaintiff's sister. As a result of beatings administered by Gerald Porto throughout fourteen years of stormy marriage, Judy Porto was compelled to leave her marital domicile and keep her whereabouts secret for her own safety and protection. The wife-plaintiff kept in contact with Judy Porto by way of long distance telephone calls which she completed through defendant Bell Telephone's communication system. Some time in October of 1978, the wife-plaintiff contacted an employee of Bell at its McKeesport office and requested that the records of the telephone calls made from the plaintiff's telephone, including telephone numbers, not be disclosed to third parties. She received assurance from that employee, whose identity is unknown, that her request would be honored. With this assurance, the wife-plaintiff proceeded to call her sister several times during the months of October and November of 1978. Subsequently, the individual defendant, Gerald Porto, obtained the telephone numbers of calls made from the plaintiff's residence, including the telephone number of his wife, Judy Porto, the wife-plaintiff's sister. Again, this was obtained from an unknown employee of defendant Bell Telephone Company. The plaintiffs next filed this action.

## I.

▉ The Nagys argue that the first count of their complaint states the causes of action against the Bell Telephone Company of Pennsylvania (Bell) for invasion of privacy and for emotional distress resulting therefrom. To sustain a demurrer, we must find that 1) a cause of action not properly made out in the complaint; and 2) the plaintiff would be unable to state a proper claim even on a different statement of facts.

Our decision of this issue is controlled by *Vogel v. W.T. Grant Co.*, 458 Pa. 124, 327 A.2d 133 (1974). In *Vogel*, our Supreme Court approved the Second Restatement's definition of the tort of invasion of privacy:

> One who gives publicity to matters concerning the private life of another, of a kind highly offensive to a reasonable man, is subject to liability to the other for invasion of his privacy.

*Id.*, 458 Pa. at 130, 327 A.2d at 136, *quoting* Restatement, Second, of Torts § 652 D (tent. Draft No. 13, 1967). "The crux of the tort developed in these cases and described in section 652 D is publicity. Without it there is no actionable wrong." *Id.*, 458 Pa. at 130, 327 A.2d at 136. The *Vogel* court held that "notification of two or four third parties is not sufficient to constitute publication. Without publication, appellees have not established an actionable invasion of privacy." *Id.*, 458 Pa. at 133, 327 A.2d at 137–38.[1]

▉ In the case before us, the Nagys have alleged that information was disclosed to only one person. *A fortiori*, they have failed to make out a cause of action for invasion of privacy. The complaint also falls short of stating a claim for negligent infliction of emotional distress, it being the law of Pennsylvania that liability therefor must be founded upon one's personal observation of physical injury negligently inflicted by another upon a third person. *Hoffner v. Hodge*, 47 Pa.Cmwlth. 277, 407 A.2d 940 (1979); *see Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979). Nor do we conclude

---

1. The Nagys have not attempted to state a claim under any other form of invasion of privacy.

that disclosure, by a Bell employee, to a third party, of a telephone number called by plaintiffs is the sort of "extreme or outrageous" conduct on which recovery for intentional infliction of emotional distress may be predicated. *See Jones v. Nissenbaum, Rudolph & Seidner*, 244 Pa.Super. 377, 383, 368 A.2d 770, 773 (1976).

## II.

The second count of the Nagys' complaint is in assumpsit. It alleges that Bell was obligated by contract with the Nagys "not to reveal the telephone number of parties called by [the Nagys] to third parties." The court below concluded that the Nagys should have taken this claim before the Public Utilities Commission (PUC), under the doctrine of primary exclusive jurisdiction.

> For the purposes of this [issue], this Court may assume, without deciding, that the factual allegations in appellant's complaint would, if proven, constitute an actionable claim. Whether these allegations are legally sufficient to state a cause of action is an issue that the court below did not reach because the court based its dismissal of appellants complaint upon [the] failure to exhaust administrative remedies.

*Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 5 n. 2, 383 A.2d 791, 793 n. 2 (1977) (reh'g denied 1978).

In *Feingold*, the Supreme Court of Pennsylvania "recognized ... that the Courts of Common Pleas have original jurisdiction to entertain suits for damages against public utilities based upon asserted failure to provide adequate services, even though the subject matter of the complaint is encompassed by the Public Utility Law." *Elkin v. Bell Telephone Co. of Pennsylvania*, 491 Pa. 123, 129–30, 420 A.2d 371, 375 (1980). The *Feingold* court held that

> [t]he rule requiring exhaustion of administrative remedies is not intended to set up a procedural obstacle to recovery; the rule should be applied only where the available administrative remedies are adequate with respect to the alleged injury sustained and the relief requested.

477 Pa. at 10, 383 A.2d at 795–96 (footnote omitted). The Court noted specifically that the plaintiff, who had sued for damages, could not have been made whole by the PUC and that, therefore, the administrative remedy was not "adequate and complete." *Id.*, 477 Pa. at 10–11, 383 A.2d at 796.

■ In the case before us, the Nagys ask, in the second count of their complaint, for damages for breach of contract. Even though their claim that Bell was contractually obligated to them not to reveal to third parties the telephone numbers they called might be interpreted as one that Bell's disclosure of certain telephone numbers constitutes unreasonable service, the PUC would have no power to award damages. The order of the court dismissing this section of the complaint must, therefore, be reversed.[2]

**2.** In *Elkin v. Bell Telephone Co. of Pennsylvania*, 491 Pa. 123, 420 A.2d 371 (1980), Elkin sued Bell for damages, alleging failure to provide adequate service. The trial court ordered the matter stayed pending the PUC's determination of standards for the services involved. Plaintiff then filed a complaint with the PUC. The PUC found in favor of Bell, and dismissed the complaint filed before it. Plaintiff then had the stayed court action listed for trial, and Bell moved for summary judgment, asserting that the PUC's determination of the issues before it, unappealed by plaintiff, was conclusive and could not be challenged collaterally in the Court of Common Pleas. The trial court denied Bell's motion. The Superior Court reversed and ordered judgment for Bell. *Elkin v. Bell Telephone Co. of Pennsylvania*, 247 Pa.Super. 505, 372 A.2d 1203 (1977). The Supreme Court affirmed the order of the Superior Court, holding that

where the subject matter is within an agency's jurisdiction *and* where it is a complex matter requiring special competence, with which the judge or jury would not or could not be familiar, the proper procedure is for the court to refer the matter to the appropriate agency. Also weighing in the consideration should be the need for uniformity and consistency in agency policy and the legislative intent. Where, on the other hand, the matter is not one peculiarly within the agency's area of expertise, but is one which the courts or jury are equally well-suited [sic] to determine, the court must not abdicate its responsibility. In such cases, it would be wasteful to employ the bifurcated procedure of referral, as no appreciable benefits would be forthcoming.

491 Pa. at 134–35, 420 A.2d at 377 (emphasis in original) (footnote omitted). The Court indicated that the issue presented by *Elkin* does not arise in cases like the one now before us, where the plaintiff has no adequate administrative remedy. *See* 491 Pa. at 131, 420 A.2d at 375.

## III.

The third count of the Nagys' complaint alleges that the individual defendant Gerald Porto (estranged husband of Mrs. Nagy's sister) "deliberately persuaded" a Bell employee to reveal to him the long-distance telephone numbers called from the Nagys' telephone, and that Porto knew, at the time, that his thus obtaining his estranged wife's telephone number would cause the Nagys "great emotional distress." This falls short of stating an actionable tort claim.

One subdivision of the tort of invasion of privacy is often referred to as "intrusion upon solitude or seclusion." It is defined by the Restatement, Second, of Torts as follows:

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Restatement, Second, Torts § 652B. It cannot be concluded that the act alleged here, viz., obtaining from a telephone company a list of telephone numbers called long-distance from a certain subscriber's telephone, is a highly offensive or objectionable act whose commission would lead to tort liability. An act which constitutes a tortious invasion of privacy must be committed " 'in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.' " *Hull v. Curtis Publishing Co.*, 182 Pa.Super. 86, 99, 125 A.2d 644, 646 (1956), *quoting Smith v. Doss*, 251 Ala. 250, 252–53, 37 So.2d 118, 120–21 (1948). In the case before us, Porto's alleged conduct falls short of the standard.

The complaint's third count also fails to state a claim for infliction of mental distress. There is, once again, no showing or even allegation that Porto committed the sort of extreme and outrageous act which would subject him to

It appears to us that the issue presented by the second count of the Nagys' complaint is one that can and should be heard by a court.

liability. The mere obtaining of telephone numbers in the manner in which he obtained them is insufficient to make out a case for emotional distress, as it was for the invasion of privacy.[3]

That part of the order of the court below which sustained Bell's preliminary objection to the second count of the complaint is reversed, and the cause remanded for proceedings consonant with this opinion; the balance of the order of the court below is affirmed.

[3]. There is, of course, no question that allegation of witnessing physical injury, which is necessary to make out the tort of negligent infliction of mental distress, *see Hoffner v. Hodge, supra,* is absent from the third count of the complaint.