## Walker v. Johnson

*Penny Blackwell,* for plaintiffs.
*Jeffrey D. Lobach,* for defendants.

HORN, *J.*, April 15, 1986—This matter is before the court on defendants' preliminary objections in the nature of a demurrer and motion to strike off plaintiffs' complaint.

Plaintiffs allege a cause of action against defendants based on statements that are slanderous and put plaintiffs in a false light. Defendants assert that a cause of action for slander has not been established because plaintiffs failed to plead special damages. Defendants claim that a cause of action for false light has not been established because the pleadings do not establish publicity.

Counts I and II assert a cause of action for slander for each plaintiff. The facts plead are essentially the same for both plaintiffs. Defendants contend that plaintiffs failed to assert special damages, and that a demurrer and/or a motion to strike is proper.

Special damages do not need to be plead for slander to occur if the publication imputes "matter incompatiable with his business, trade, profession, or office . . ." Restatement (Second) of Torts §570(c).

The alleged statements, which we must accept as true for purposes of the demurrer, are quoted in Paragraph 10 of the complaint and essentially charge plaintiff, cab driver, with running all over the place but in much more vulgar terms.

The issue then is whether the statements go beyond general disparagement and pertain to plaintiffs' trade in order to forgo the need to plead special damages. The court has for purposes of the demurrer decided that the statements do pertain to plaintiffs' trade and that they do go beyond "insulting" language. The demurrer and motion to strike as to Counts I and III are therfore denied.

Section 573 of the Restatement (Second) of Torts* defines slander per se in dealing with publications affecting business, trade, profession, or office. Statements that do harm to another in the pursuit of his business or trade are actionable. An example would be calling a doctor a quack or charging him with incompetancy. See Restatement (Second) of Torts, §573, comment(c).

The statements alleged which were broadcasted over the company's radio and heard by all the cab drivers and their passengers would tend to harm a cab driver because one could infer that he is unreliable and that he intentionally inflates fares, attributes detrimental to a cab driver.

Insulting words must also go beyond general bad habits of all people and relate specifically to Plaintiffs' trade or business. Id. at §573, comment(e). Once again the statements do affect one who would be a cab driver and thus are peculiarly harmful to plaintiff in their trade.

Counts II and IV assert a cause of action for placing plaintiffs in a false light and thus invading their privacy. Defendants have only demurred to these counts and base their argument on the lack of pleading "publicity".

---

* Section 573 of the Restatement has been cited with approval and followed by the Supeme Court of Pennsylvania. Cosgrove Studio and Camera Shop, Inc. v. Cal R. Rane, 408 Pa., 314, 182 A.2d 751 (1962)

In order to sustain a cause of action for placing one in a false light plaintiff must plead that false light is highly offensive to a resonable person and that defendant had knowledge of and acted in reckless disregard as to the falsity of the publicized matter. Martin v. Municipal Publications, 510 F. Supp. 255, 259 (E.D., Pa. 1981).

Defendant contends that the broadcasting of those statements was to too small a group and therefore uncertain to become public knowledge. See Restatement (Second) of Torts, §652D, comment "b". Defendants cite two cases relating to 458 Pa. 124, 327 A.2d 133 (1974) and Nagy v. Bell Telephone Co. of Pennsylvania, 292 Pa. Super. 24, 436 A.2d 701 (1981). In both cases invasion of privacy actions were not sustained because the statements were not "publicized". However, in Vogel, the statements were only communicated to four people at the most. And in Nagy the statement was heard by one person.

Plaintiffs' complaint avers that a number of people heard the statements that were broadcasted over air waves on the taxicab's radio frequencies authorized by the Pennsylvania Public Utility Commission. This gives the statement the potential to become one of public knowledge and thus it is enought to deny the demurrer to Counts II and IV.

The preliminary objections are refused.

## ORDER

And now, this April 15, 1986, defendant's preliminary objections to Counts I, II, III, and IV of plaintiffs' complaint are denied.

It is ordered that defendant file an answer within 30 days of the date of this order.