**Adamski v. Johnson**

C.P. of Monroe County, no. 7824 CV 2005.

*Kevin L. Orloski,* for plaintiff.
*Shawn P. Phillips,* for defendant.

ZULICK, *J.,* March 2, 2006—This case is before the court on defendants' preliminary objections to plaintiff Kathy Adamski's complaint, which alleges an invasion of privacy. The complaint presents inter alia the following allegations. Ms. Adamski was an employee of defendant CHS Professional Practice PC in October 2004. Her supervisor was defendant Thomas Johnson. Ms. Adamski provided her employer with written advance

notice that she was under the care of a physician and would be receiving surgery due to a medical condition which she did not disclose. After receiving her notice, Johnson asked Adamski for more particular information on the nature of the surgery, which she refused to divulge.

Johnson persisted in attempting to learn this information about his employee's impending surgery. He asked Adamski's fellow workers what surgery she was scheduled to receive, "us(ing) the power of the employment relationship to force, coerce and intimidate" these employees to disclose this information to him. Complaint, paragraph 11. Johnson was successful in learning the particulars of Adamski's pending surgery by questioning the fellow employees. Finally, Adamski alleged that after learning about her surgery, Johnson told others, whose identities were unknown to Adamski at the time the complaint was filed.

Adamski sued Johnson and her employer on theories of invasion of privacy. She contended that Johnson's actions were intentional, willful, wanton, malicious and outrageous and sought punitive damages.

Defendants raised preliminary objections to the complaint. They argue that Johnson's actions as described in the complaint would not be highly offensive to a reasonable person. They seek dismissal of the complaint, contending that Adamski has not stated a claim upon which relief can be granted. In the alternative, they ask that Adamski provide a more specific complaint, describing specific actions of Johnson that would be highly offensive to a reasonable person. Defendants also argue for dis-

missal because Adamski's remedies fall exclusively under the Workers' Compensation Act. This case was briefed by the parties and argued before me on January 3, 2006.

When reviewing a grant of a demurrer, all well-pleaded facts averred in the complaint are deemed admitted, and in order for the demurrer to be sustained, the complaint must indicate on its face that the claim cannot be satisfied and the law will not permit recovery. *Rosenwald v. Barbieri,* 501 Pa. 563, 567, 462 A.2d 644, 646 (1983), *cert. denied,* 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984).

Ms. Adamski cites Restatement (Second) of Torts §§652B and 652D in her brief as support for her invasion of privacy claims. These provisions of the Restatement have been cited with approval by our Pennsylvania appellate courts:

"It is well established in Pennsylvania that a violation of the right of privacy is an actionable tort. See *Vogel v. W.T. Grant Co.,* 458 Pa. 124, 327 A.2d 133 (1974); *Bennett v. Norban,* 396 Pa. 94, 151 A.2d 476 (1959). 'The gist of privacy is the sense of seclusion, the wish to be obscure and alone, and it is a trespass to abuse these personal sensibilities.' *Bennett v. Norban,* 396 Pa. at 99, 151 A.2d at 479. The right of privacy is a qualified right to be let alone; but to be actionable, the alleged invasion of that right must be unlawful or unjustifiable. *Lynch v. Johnston,* 76 Pa.Commw. 8, 463 A.2d 87 (1983) . . . Our state courts have cited with approval the Restatement (Second) of Torts §652B-E for support regarding invasion of privacy matters. See *e.g., Nagy v. Bell Telephone Company of Pennsylvania,* 292 Pa.Super. 24, 436 A.2d

701 (1981); see also, *Martin v. Municipal Publications,* 510 F. Supp. 255 (E.D. Pa. 1981). We believe that the Restatement most ably defines the elements of invasion of privacy as that tort has developed in Pennsylvania." *Harris v. Easton Publishing Co.,* 335 Pa. Super. 141, 152-53, 483 A.2d 1377, 1383 (1984).

The first privacy claim Adamski alleges is intrusion upon seclusion. Restatement (Second) of Torts §652B provides as follows:

"Section 652B. Intrusion upon seclusion

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

"The invasion may be (1) by physical intrusion into a place where the plaintiff has secluded himself, (2) by use of the defendant's senses to oversee or overhear the plaintiff's private affairs, or (3) some other form of investigation or examination into plaintiff's private concerns." *Harris v. Easton Publishing Co.,* 335 Pa. Super. 141, 153, 483 A.2d 1377, 1383 (1984); Restatement (Second) Torts §625B comment b. The Restatement also gives examples of other forms of investigation: "by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit inspection of his personal documents." *Id.*

Examining Johnson's conduct as described in the complaint, there is no question that Johnson acted intention-

ally by questioning other employees about Adamski's prospective surgery, which was certainly her private affair. The question remains as to whether this intrusion would be highly offensive to a reasonable person. The Pennsylvania Superior Court has ruled that "the information disclosed by hospital records is not the sort which would 'cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'" *Chicarella v. Passant,* 343 Pa. Super. 330, 339, 494 A.2d 1109, 1114 (1985). (citations omitted) In *Chicarella,* a company hired to find out information about a party involved in an insurance claim obtained the party's hospital records. The court further found "[t]he brief descriptions of appellant's medical treatment cannot be deemed a substantial intrusion." *Id.*

Here Johnson did not obtain Adamski's medical records, but he did ask others in Adamski's workplace about her need for surgery. The complaint does not specify what Johnson was told, but he was at least made aware of the nature of the surgery.

Liability for an invasion of privacy "will not attach to that act unless the intrusion is *substantial and highly offensive* to a reasonable person." *Id.* (citations omitted) (emphasis in original); see also, Restatement (Second) of Torts §625B comment d. In this case, I find that Adamski "has not pleaded sufficient facts to establish a substantial intrusion of a highly offensive nature." *Chicarella,* 343 Pa. Super. at 339, 494 A.2d at 1114 (finding "the information disclosed by the hospital records is not of the sort which would 'cause mental suffering, shame or humiliation to a person of ordinary sensibili-

ties.' ") (citations omitted); see also, *Nagy v. Bell Telephone Company of Pennsylvania,* 292 Pa. Super. 24, 436 A.2d 701 (1981) (act of obtaining from telephone company a list of telephone numbers dialed long distance from subscriber's phone was not a highly offensive act to which liability would attach). The information Johnson sought was information Adamski had apparently made known to others in her workplace. It is unreasonable to expect that information shared with others in the office will not become known to a wider circle. There is no suggestion in the complaint that the description of Adamski's pending surgery would cause her mental suffering, shame or humiliation. Therefore, the conduct of Johnson falls short of this standard.

Adamski's second claim of invasion of privacy is that Johnson told others of her surgery, although she does not know who those others are. Restatement (Second) of Torts §625D provides: One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of a legitimate concern to the public. The Restatement notes the requirement that "the matter be communicated to the public at large, not merely to a few persons." *Chicarella v. Passant,* 343 Pa. Super. at 340 n.4, 494 A.2d at 1114 n.4; see also, *Harris,* 335 Pa. Super. at 154, 483 A.2d at 1384. Restatement §652D comment a ("the matter is made public by communicating it to the public at large, or to so many persons that the matter becomes one of public knowledge"). "Thus it is not an invasion of the right of privacy, within the rule stated in this section, to communi-

cate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." Restatement §652D comment a.

Adamski makes a claim that Johnson told others about this surgery, but she is not aware of whom or how many persons he told. She does not allege he told anyone outside of CHS. If Johnson had discussed Adamski's surgery with others in the workplace, such disclosure is conditionally privileged if the other employees had a common interest. See *Daywalt v. Montgomery Hospital,* 393 Pa. Super. 118, 573 A.2d 1116 (1990).

Further an action for publicity occurs "[w]hen the intimate details of a person's life are spread before the public gaze in a manner highly offensive to the ordinary reasonable man." Restatement §652D comment b. Among these details are "unpleasant or disgraceful or humiliating illnesses." Restatement §652D comment b. Here the complaint does not provide the reason for Adamski's surgery. Absent that knowledge, there is nothing in the facts to show that the surgery was the result of an unpleasant, disgraceful or humiliating disease.

"Complete privacy does not exist in this world except in a desert, and anyone who is not a hermit must expect and endure the ordinary incidents of the community of life of which he is a part. . . . [e]ven a minor and moderate annoyance, as for example through public disclosure of the fact that plaintiff has clumsily fallen downstairs and broken his ankle is not sufficient to give him cause of action under the rule stated in this section." Restatement §652D comment c.

Adamski told some coworkers of her surgery. This behavior on her part does not indicate that the surgery was an entirely private matter. Adamski's "revelation of private information to coworkers eliminated [her] expectation of privacy by making what was formerly private a topic of office conversation." *Fletcher v. Price Chopper Foods of Trumann Inc.,* 220 F.3d 871, 878 (8th Circuit 2000) citing *Moffett v. Gene B. Glick Co. Inc.,* 621 F. Supp. 244, 283 (N.D. Ind. 1985) (applying section 652B of the Restatement per Indiana law). In *Moffett* the court held that "by discussing that relationship in the office environment, Partin cannot now claim some kind of solitude or seclusion for the relationship in that environment. While the relationship is, in the first instance, a private affair of Partin, she in effect waived her claim to privacy by making what was formerly private a topic of office conversation." *Moffett,* 621 F. Supp. at 283. Here Adamski's disclosure to coworkers waived her claim to privacy.

Because of Adamski's own disclosure to her coworkers and that it has not been shown that Johnson may have disclosed this information to more than a small number of people, I find that the element of publicity is lacking in Ms. Adamski's claim.

As I have found that there is no justification for the claims of invasion of privacy, there is no justification for a claim of punitive damages. Punitive damages are merely a measure of damages arising out of an initial cause of action. *Kirkbride v. Lisbon Contractors Inc.,* 521 Pa. 97, 101, 555 A.2d 800, 802 (1989). They are not a cause of action in their own right. "To this extent, pu-

78

nitive damages must, by necessity, be related to [an] injury-producing cause of action." *Id.*

Accordingly, I enter the order which follows.

## ORDER

And now, March 2, 2006, it is ordered that defendant's preliminary objections are sustained and this case is dismissed.